*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* F. MEDINA, Minor

UNPUBLISHED
July 11, 2025
9:41 AM

No. 372836
Ingham Circuit Court
Family Division
LC No. 24-000651-NA

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

Respondent-father appeals by right the order terminating his parental rights to his minor child, FM, under MCL 712A.19b(3)(i) and (j).[1] For the reasons set forth in this opinion, we affirm.

## I. BASIC FACTS

FM was born prematurely. A test of her umbilical cord showed that she was positive for methamphetamine and amphetamine, and a test of her meconium showed that she was positive for morphine, methamphetamine, and THC. The hospital was only able to make sporadic contact with respondent, who was on probation at the time for a substance-abuse related offense.

The caseworker that filed the petition to terminate respondent's parental rights to FM had difficulty contacting him. She explained that her first contact with him was on the day that she filed the petition. At that time, respondent was incarcerated for a probation violation. Respondent told the caseworker that he had a history of mental-health issues and that he and FM's mother were living in a camper in a backyard.[2] He also reported a history of heroin and methamphetamine use. He refused a drug screen, but indicated that one had been performed before his arrest. He signed a release allowing the caseworker to access the records, which reflected that no such drug screen

---

[1] The court also terminated the parental rights of the child's mother; however, she is not a party to this appeal.

[2] The backyard belonged to the father of one of FM's half-siblings.

had been completed. Respondent admitted that he knew that FM's mother also used methamphetamine, but stated that there was not anything that he could do to stop her. The caseworker also learned from respondent that, prior to his incarceration, he had not been employed and had no income.

Respondent's parental rights to two other children had been terminated in December 2015. His rights to a third child were terminated in March 2024. Respondent's substance-abuse issues led to termination in both the 2015 proceedings and the 2024 proceedings. In both instances, he was offered services to rectify the conditions leading to adjudication. The caseworker indicated that he had been referred to a psychological evaluation, a substance-abuse assessment, drug screens, and parenting classes. Despite those services, respondent was not seeking treatment for his self-reported mental health issues (which included bi-polar disorder and schizophrenia). And, based upon his history, his deficient parenting skills and his substance-abuse issues remained a barrier to reunification.

Because of his prior terminations, petitioner, the Department of Health and Human Services, sought termination of respondent's parental rights in the initial petition. No reunification services were offered to him. Following a termination hearing, the trial court found statutory grounds to terminate respondent's parental rights and that termination of his parental rights was in FM's best interests. This appeal follows.

## II. REUNIFICATION EFFORTS

### A. STANDARD OF REVIEW

Respondent's only argument on appeal is that termination of his parental rights was improper because petitioner did not make reasonable efforts to reunify him with FM. Respondent did not object to petitioner's decision to not provide him with any reunification services. Accordingly, the issue is unpreserved. See *In re Atchley*, 341 Mich App 332, 336; 990 NW2d 685 (2022). We review unpreserved issues for plain error affecting substantial rights. *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). In order to prevail, the parent must establish that "(1) error occurred; (2) the error was 'plain.' i.e., clear or obvious; and (3) the plain error affected [the parent's] substantial rights." *Id.*

### B. ANALYSIS

"Reasonable efforts to reunify the child and family must be made in all cases except those involving aggravated circumstances under MCL 712A.19a(2)." *In re Rippy,* 330 Mich App 350, 355; 948 NW2d 131 (2019). "Under MCL 712A.19a(2)(a), there must be a 'judicial determination that the parent has subjected the child to aggravated circumstances' before the Department is excused from making reasonable efforts." *In re Smith-Taylor*, 509 Mich 935, 935; 971 NW2d 657, 657 (2022). As relevant to this case, one aggravating circumstance exists if "[t]he parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights." MCL 712A.19a(2)(c). Here, the testimony at the termination hearing reflected that respondent's parental rights to three of FM's siblings were involuntarily terminated as a result of his significant substance-abuse issues. Moreover, between 2015 and 2024—when the instant proceedings took place—respondent's

substance-abuse issues had not been rectified. Instead, the record reflects that he was on probation for a substance-abuse related offense, that his probation was revoked because of his continued drug use, and that he was in a court-ordered treatment program to treat his substance abuse at the time of the termination hearing. Under the circumstances of this case, respondent has failed to establish that the failure to provide reunification services to him was a plain error that affected his substantial rights.[3]

     Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin

---

[3] Respondent notes that, in the order following the pretrial hearing, the trial court checked a box indicating that reasonable efforts should be made to preserve the family and reunify respondent with FM. However, it appears that the court inadvertently checked that box. Nothing on the record reflects that the court was concerned with the lack of services in this case. Moreover, respondent and his lawyer never objected to the lack of services, nor did they challenge petitioner's argument that such services were not required due to the existence of aggravating circumstances. Furthermore, given that the undisputed facts clearly show that aggravating circumstances existed under MCL 712A.19a(2)(a), any error arising from the failure to provide services ordered by the court following the pretrial hearing did not affect respondent's substantial rights.